PEOPLE, PLAINTIFF AND APPELLEE, *v.* SUÁREZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Mayagüez in a Prosecution for an Offense Against Public Justice.

No. 1112.—Decided May 7, 1917.

INSULAR POLICE—CERTIFICATE OF CHIEF—EVIDENCE.—A certificate issued by the Chief of Insular Police, stating that the accused was a detective at a certain time, is sufficient proof of that fact.

ID.—LEAVE OF ABSENCE—ARREST.—A detective on leave of absence may make an arrest for a crime committed in his presence. He does not cease to be a detective by reason of the leave of absence and retains the authority inherent in his position.

ID.—ASSAULT—PUBLIC JUSTICE.—According to section 138 of the Penal Code, an assault by a detective in the full exercise of his position, under color of authority and without lawful cause, upon a particular citizen by striking him in the face, is an offense against public justice and not assault and battery.

The facts are stated in the opinion.

*Mr. Francisco Parra Capó* for the appellant.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

The appellant was convicted of the crime against public justice defined and penalized by section 138 of the Penal Code, and sentenced to six months' imprisonment. The information, so far as pertinent, reads as follows:

"The said defendant, Florencio R. Suárez, being a public officer, an Insular Police detective and an official charged with preserving the peace in Porto Rico, and in the discharge of his duty, during the hours of the night of April 21, 1916, in the Café La Palma of the city and Municipality of Mayagüez, Porto Rico, within the jurisdiction of the District Court for the Judicial District of Mayagüez, P. R., wilfully and criminally, under color of authority and without lawful cause, assaulted and beat Augusto Bischoff by striking him a blow in the face."

The statute cited reads as follows:

"Every public officer who, under color of authority, without lawful necessity, assaults, wrongs, oppresses or beats any person, is punishable by fine not exceeding five thousand (5,000) dollars and imprisonment in jail not exceeding five years."

The appellant contends in his brief that as the evidence examined at the trial does not show that he used, abused, or displayed the authority which he may have had at that time, if any he had, the district court erred in convicting him of the crime with which he was charged by the prosecution.

In discussing the said error the appellant contends that the certificate issued by the chief of Insular police, which was introduced for the purpose of showing that the defendant was a detective at the time of the occurrence, was not admis-

sible.  This same question was decided against the appellant's contention in the case of *People* v. *Girón, ante* p. 34.

The appellant also contends that, even conceding the admissibility of the said certificate, it fails to show that the defendant was a public officer, for it appears from the certificate itself that at the time of the occurrence of the acts set up in the information he was on leave of absence without pay.  In passing upon this question the district court, correctly in our opinion, held that a "detective, even when on leave, has authority to make an arrest for an offense committed in his presence."  In other words, a detective does not cease to be such because he is on leave, but retains the inherent powers of his office.  Moreover, the testimony of witnesses showed that the defendant was known and regarded as a police officer by the persons who were present at the place of the occurrence.

And, finally, the appellant contends that, even if it be concluded that the defendant was a detective in the full exercise of his duties, he did not act as such toward the victim, but acted as a private individual and is liable at most for an offense of assault and battery.

When this question was submitted to the district court on a motion for nonsuit the court said:

"It results from the evidence that the accused, together with Captain Fernández Náter, of the police force, and another detective, ·Cosme Girón,· on the day or night referred to were conversing in the La Palma Café of this city and that Bischoff was also present and overheard the conversation of the police officers and addressed himself to them in a more or less imprudent manner, whereupon Suárez arose from his seat, went over to Bischoff, told him in substance that he would not allow him to interfere in their affairs, and then struck him in the face with his fist.  The evidence does not show whether or not Bischoff was arrested later.  Now, the court is of the opinion that a detective may be deemed to act under color of authority without announcing that he is going to arrest a person or do any act connected with his office and without stating publicly that he is a

detective or displaying his badge. The evidence shows that the persons who were in the La Palma Café well knew that he was a detective, and it also appears from the evidence that the events occurred in a public place. In view of the circumstances the court is of the opinion that the defense cannot be heard to claim that the defendant acted as a private person and in a private matter between him and Bischoff, when the deduction is also plain that he acted as a public officer, as an Insular police detective, intervening in a matter or affair which he may have understood to be a lack of respect for the police and a breach of the peace, or that the situation was one in which a breach of the public peace was regarded as imminent. It is not for the defendant to decide the question of whether he acted under color of authority or not, but this must be determined after examining all the evidence in the case. For these reasons the court overrules the motion for nonsuit.''

The evidence sustains the findings of the court and these findings need only be examined in the light of the doctrine established and the reasoning in the case of *People* v. *Girón, supra,* to conclude that the error assigned by the appellant was not committed.

Clothed with authority, the defendant thought that he could personally inflict instant punishment upon the person who dared to criticise him. When he arose from his seat and went toward Bischoff he did so as a detective. Bischoff himself testifies that when he addressed himself to the captain of police and the officers who were sitting at the table in the café, detective Suárez said to his chief: ''Captain, shall I hit that man?'' And without waiting for an answer he arose and assaulted him, striking him in the face with his fist. The authority which the Government gave this public officer was used by him to assault a private citizen and he should suffer the penalty imposed by the law for such offense.

The judgment appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.